IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SEAN ROY McCLURE                                                                                    PLAINTIFF

      v.                          Civil No.   6:13-cv-06107

WARDEN REED, Ouachita River
Correctional Unit                                                                                      DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2014), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. The case is before me on the motion to dismiss (ECF No. 11) filed by the Defendant. Plaintiff has responded (ECF No. 13) to the motion. The motion is ready for decision.

### 1. Background

At the times relevant to this complaint, Plaintiff was incarcerated in the Ouachita River Correctional Unit (ORCU) of the Arkansas Department of Correction. According to the allegations of the complaint, Plaintiff has Celiac Disease[1] and Dermatitis Herpetiformis.[2] When Plaintiff was transferred to the ORCU, he was refused his medication, Dapsone,[3] for a period of seven days and

---

[1]. "[A]n immune disease in which people can't eat gluten because it will damage their small intestine." http://vsearch.nlm.nih.gov/vivisimo/cgi-bin/query-meta?v%3Aproject=medlineplus&query=celiac+disease (accessed April 14, 2014).

[2]. "[A]n extremely itchy rash consisting of bumps and blisters. The rash is chronic." http://vsearch.nlm.nih.gov/vivisimo/cgi-bin/query-meta?v%3Aproject=medlineplus&query=celiac+disease (accessed April 14, 2014).

[3]. Used to treat skin infections. http://www.nlm.nih.gov/medlineplus/druginfo/meds/a682128.html (accessed April 14, 2014).

was not given a gluten free diet for nine days.

As relief, Plaintiff seeks compensatory and punitive damages.  He also asks for new policies to be adopted regarding medication and medical diets.

### 2.  Applicable Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678).  The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3.  Arguments of the Parties

Defendant contends the case should be dismissed because the Plaintiff has failed to make any specific allegations against him and has not alleged the existence of an unconstitutional custom or policy.  Defendant points out that he is sued in his official capacity only.

Plaintiff argues that he has made factual allegations about Defendant's employees failing to provide his medication and forcing him to eat food with gluten.  Plaintiff maintains the Defendant

is responsible for everything and anything that happens at ORCU.

### 4.  Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution.  *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).   The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983.  *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

"Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights."  *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998)(internal quotation marks and citation omitted).

"An official policy is a deliberate choice to follow a course of action made from among various alternatives by an official who is determined by state law to have the final authority to establish governmental policy."  *Elder-Keep v. Aksamit*, 460 F.3d 979, 967 (8th Cir. 2006)(internal quotation marks and citation omitted).  "Alternatively, liability may be established through proof that the alleged misconduct was so pervasive among the non-policy making employees of the [County] as to constitute a custom or usage with the force of law."  *Crawford v. Van Buren County,* 678 F.3d 666, 669 (8th Cir. 2012)(internal quotation marks and citation omitted).  Additionally, there must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."  *Alexander v. Hedback*, 718 F.3d 762, 766 (8th Cir. 2013)(citation omitted).

Contrary to Plaintiff's belief, Defendant is not liable under § 1983 for "everything and

anything" occurring at the facility. The Defendant cannot be held liable solely based on the actions of its employees. *Kuha v. City of Minnetonka*, 365 F.3d 590, 603 (8th Cir. 2003). Nor can he be held liable based on his general responsibility for supervising the actions of the prison. *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). Plaintiff has "failed to allege an unconstitutional policy or custom that caused a constitutional violation of a federally protected right or privilege." *Elder-Keep*, 460 F.3d at 987.

### 5. Conclusion

For the reasons stated, I recommend that the motion to dismiss (ECF No. 11) be granted and the case dismissed without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). The dismissal of this action will constitute a "strike" under 28 U.S.C. § 1915(g). The Clerk should be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of April 2014.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE